UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:                              )
                                    )
Robert Corvino, Jr.                 )          Chapter 7
                                    )          Case No. 23-10883 JEB
              Debtor.               )
_____     )

**UNITED STATES TRUSTEE'S MOTION TO DISMISS
DEBTOR'S CHAPTER 7 CASE UNDER 11 U.S.C. § 707(b)
(WITH CERTIFICATE OF SERVICE)**

William K. Harrington, the United States Trustee for Region 1, moves the

Court to dismiss the chapter 7 case of Robert Corvino, Jr. ("Debtor") under 11

U.S.C. § 707(b)(1) and (2) because his obligations are primarily consumer, and the

presumption of abuse arises based on the income received from all sources during

the six months prior to filing this case.  In addition, this case should be dismissed

pursuant to 11 U.S.C. § 707(b)(3) because the totality of the circumstances of the

Debtor's financial situation demonstrates an abuse of the chapter 7 provisions.

In support, the United States Trustee states:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter under 28 U.S.C. §§ 151,

157, and 1334.

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3.      Venue in this district and of this proceeding and motion is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for relief are 28 U.S.C. § 586(a)(5), 11 U.S.C.

§§ 307, 704 and 707(b), and Fed. R. Bankr. P. 1017.

**FACTS**

5.      The Debtor filed a voluntary chapter 7 petition on June 5, 2023.

6.      The Debtor is married with two dependents ages 18 and 20.  See

Debtor's *Statement of Financial Affairs* at Question 1 and *Schedule J* at Question 2

(Docket No. 1).

7.      The Debtor has scheduled a first mortgage held by PHH and two car

loans totaling $421,756.00.  The Debtor also scheduled a second mortgage with

Eastern Bank in the amount of $136,000.00.  See Debtor's *Schedule D* (Docket No.

1).

8.      The Debtor's non-priority unsecured debt totals $152,231.56

(Debtor's *Schedule E/F* at Docket No. 1).

9.      The Debtor initially stated that his obligations are not primarily

consumer debts and that he was exempt from the presumption of abuse.  See

Debtor's *Voluntary Petition* at Question 16 and *Statement of Exemption from*

*Presumption of Abuse* (Official Form 122A-1Supp) at Question 1 (Docket No. 1).

10.     However, the term "consumer debt" means "debt incurred by an individual primarily for a personal, family, or household purpose."  11 U.S.C. § 101(8).  Debt is defined as "liability on a claim" and a claim means any "right to payment, whether or not such right is ... secured, or unsecured."  11 U.S.C. §§ 101(5), (12).

11.     Thus, "consumer debt" is not limited to the unsecured claims listed on the Debtor's *Schedule E/F*.  Rather, consumer debt encompasses any "liability on a claim" that was incurred for a personal, family, or household purpose, regardless of whether that claim is secured or unsecured.  Debtor testified at the § 341(a) meeting of creditors on July 13, 2023 that his second mortgage in the amount of $136,000.00 was incurred for his former pizza business.  Assuming *arguendo* that Debtor's testimony is accurate, and all of his general unsecured debt was likewise incurred for his business (which the United States Trustee does not concede), it is nevertheless clear that the Debtor's obligations are primarily consumer in nature.

12.     By e-mail dated June 7, 2023, the United States Trustee made certain inquiries relevant to the issues of abuse within the meaning of 11 U.S.C. § 707(b),  a true and correct copy of which is attached hereto as Exhibit A.

13.     The Debtor responded by e-mails dated July 10 and July 16, 2023.

14.     The Debtor's § 341(a) meeting of creditors was held on July 13, 2023 and continued to August 29, 2023.

15.     To determine whether the Debtor's case is presumed abusive under 11

U.S.C. § 707(b)(2), the United States Trustee has prepared a Statement of Current

Monthly Income and Means Test Calculation ("UST Corrected Form 122A")

based upon the existing record created by the Debtor, including documentation

submitted to the United States Trustee to date, Debtor's schedules and statements

of record, and testimony at the § 341(a) meeting of creditors on July 13, 2023.  A

true and correct copy of the UST's Corrected Form 122A is attached hereto as

Exhibit B.  The United States Trustee detailed the assumptions underlying the

Corrected Form 122A by e-mail dated August 18, 2023, a true and correct copy of

which is attached hereto as Exhibit C.

16.     On July 24, 2023, the United States Trustee timely filed a Statement

of Presumed Abuse ("10 Day Statement").  <u>See</u> 11 U.S.C. § 704(b)(1)(A) and Fed.

R. Bankr. P. 9006(a)(1)(C).

17.     This Motion is filed within 30 days of the 10 Day Statement and

within 60 days after the first date set for the meeting of creditors and is timely.  <u>See</u>

11 U.S.C. § 704(b)(2) and Fed. R. Bankr. P. 1017(e)(1).

## **ARGUMENT**

*Dismissal Based on the Presumption of Abuse*
*<u>Pursuant to § 707(b)(2)</u>*

18.     11 U.S.C. § 707(b)(1) provides that the Court "may dismiss a case

filed by an individual debtor under this chapter whose debts are primarily

consumer debts . . . if it finds that the granting of relief would be an abuse of the

provisions of [Chapter 7]."

19.    11 U.S.C. § 707(b)(2)(A)(i) provides further that the Court shall

presume abuse exists if the Debtor's current monthly income reduced by allowed

deductions and multiplied by 60 is equal to or greater than, 25% of the non-priority

unsecured claims or $9,075.00, whichever is greater; or $15,150.00.

### *Calculation of Income*

20.    The Debtor's average current monthly income for the six months prior

to filing the bankruptcy case, ending on the last day of the month before the filing

("CMI") includes income from two sources – Starbucks Corporation and Lynnfield

House of Pizza.  Debtor testified at the § 341(a) meeting of creditors on July 13,

2023 that his employment with Starbucks Corporation ended in April 2023.

21.    Based on the submitted pay advices, it appears that Debtor's average

gross monthly income from Starbucks Corporation is $6,328.88 which was derived

from his year-to-date gross pay as of December 30, 2022 ($9,735.95) plus his last

year-to-date gross pay as of May 5, 2023 after his employment apparently ended

($28,237.32), which yields total gross wages during the six-month CMI period of

$37,973.27, or an average of $6,328.88 monthly when divided by six.

22.    The United States Trustee did not receive all of the pay advices to

calculate the Debtor's CMI from Lynnfield House of Pizza; specifically, the pay

advices dated May 16, May 23, and May 30, 2023.  Accordingly, the United States

Trustee assumed that the Debtor received $1,000.00 gross pay for those missing

periods and calculated his average CMI to be $3,989.25 from Lynnfield House of

Pizza, as detailed in the United States Trustee's August 18, 2023 correspondence.

See Exhibit C at ¶ 2.

23.     Thus, the Debtor's total CMI reported on line 2 (Column A) is

$10,318.13.  See Exhibit B (UST Corrected Form 122A).

24.     Likewise, the United States Trustee did not receive a full set of pay

advices to calculate CMI for Debtor's spouse.  However, it appears that his spouse

receives the same gross wage of $3,923.08 bi-weekly, so her CMI would be

$8,500.01.  See Exhibit C at ¶ 3.

25.     Accordingly, the Debtor's total CMI is $18,818.14, or $225,817.68

when annualized, which clearly exceeds the applicable state median income for a

family of four ($162,422.00), and the Debtor must complete the full means test

calculation (Form 122A-2).

### *The United States Trustee's Form 122A-2*
### *Means Test Calculation*

26.     The Debtor may be entitled to take a martial adjustment on line 3 of

Form 122A-2 for his spouse's separate expenses.  Based on her pay advices, it appears that Debtor's spouse is making a 401k contribution of $39.23 bi-weekly, or $85.00 monthly.  See Exhibit B (UST Corrected Form 122A-2 at line 3).

27.    The Debtor is entitled to an IRS National Standard Expense of $1,993.00 monthly for food, clothing and other items for a family of four.  See Exhibit B at line 6 and the information available at

https://www.justice.gov/ust/means-testing.

28.    The Debtor is entitled to an IRS National Standard Expense of $316.00 monthly for out-of-pocket heath care expenses for four persons under 65 years of age.  See Exhibit B at line 7.

29.    The Debtor is entitled to an IRS Local Standard non-mortgage housing and utilities expense of $957.00 monthly for a family of four in Middlesex County.  Id. at line 8.

30.    On line 9, the Debtor is entitled to an IRS Local Standard mortgage/rent expense of $2,998.00 for a family of four in Middlesex County. However, the IRS mortgage/rent expense on line 9 must be offset by the average monthly payment for any debts secured by the Debtor's home, as stated on line 33. This would result in a net mortgage/rent expense of zero on line 9, and Debtor would deduct his total average monthly mortgage payments on line 33.  See Exhibit B at lines 9 and 33.

31.     Under the circumstances of this case, it would be appropriate for the Debtor to deduct an IRS Local Standard vehicle operating expense of $588.00 monthly for two vehicles, based on his 2017 Mercedes and 2015 BMW.  <u>See</u> Exhibit B at line 12.

32.     The Debtor may also deduct the IRS Local Standard vehicle ownership or lease expense of $629.00 for both of those vehicles on line 13, offset by the average monthly payment on the debts secured by those vehicles as stated on line 33.  <u>See</u> Exhibit B at lines 13 and 33 and Debtor's *Schedule D* (Docket No. 1).

33.     Based on the Debtor's filing status (married), number of dependents (two), number of dependents over age 17 (two), and corrected current monthly income ($18,818.14), the United States Trustee estimates that the Debtor's actual tax liability is $4,944.00 monthly.[1]  <u>See</u> Exhibit B at line 16.

34.     The Debtor has not scheduled an interest in any life insurance policies.  <u>See</u> Debtor's original and amended *Schedules A/B* at line 31 (Docket Nos. 1 and 20).  However, the Debtor scheduled a life insurance expense of $300.00 monthly on his *Schedule J* (line 15a).  The United States Trustee requested

---

[1] The United States Trustee's tax figure is intentionally generous, and Debtor's actual tax liability may be substantially lower due to the impact of several variables.  The United States Trustee reserves his right to conduct additional

documentation of this expense by correspondence dated June 7, 2023 (Exhibit A).

By correspondence dated August 18, 2023, the United States Trustee also

requested documentation demonstrating the monthly premiums actually paid for

term life insurance which covers the life of the Debtor and does not include the

cost of insurance for dependents or for whole life or other insurance policies with

an investment component.  <u>See</u> Exhibit C at paragraph 13.

35.    On August 23, 2023, the Debtor provided a page from a bank

statement evidencing a "BLI – Life" payment made on May 12, 2023 in the

amount of $53.46 and a "Brighthouse" payment made on May 12, 2023 in the

amount of $232.85.  The United States Trustee will consider adding an appropriate

expense for life insurance on line 18 upon receipt of documentation demonstrating

the regular monthly premiums actually paid for term life insurance which covers

the life of the Debtor, and does not include the cost of insurance for dependents,

whole life insurance, or other policies with an investment component.  <u>See</u> Exhibit

B at line 18.

36.    Based upon the payment advices initially submitted for the Debtor

(from Starbucks and Lynnfield House of Pizza) and those for his spouse, it appears

that the Debtor may claim $204.25 on line 25 for health and disability insurance,

---

discovery and amend this tax figure, if appropriate.  Detail regarding the United
States Trustee's tax calculation is attached hereto at Exhibit C.

which consists of his spouse's payroll deductions for dental ($73.86 bi-weekly or

$160.03 monthly); vision ($7.92 bi-weekly or $17.16 monthly); and short term

disability ($12.49 bi-weekly or $27.06 monthly).  <u>See</u> Exhibit B at line 25.  The

United States Trustee reserves his right to conduct additional discovery and amend

this figure, if appropriate.

37.    Lastly, the United States Trustee has added the projected average

monthly chapter 13 administrative expense in the amount of $416.00.  <u>See</u> Exhibit

B at line 36.

38.    Therefore, based on the existing record created by the Debtor, the

total of all deductions allowed under § 707(b)(2) is $14,447.25.  <u>See</u> Exhibit B at

line 38.

39.    After these allowed deductions are subtracted from the Debtor's

adjusted CMI of $18,733.14, he has monthly disposable income in the amount of

$4,285.89.  <u>See</u> Exhibit B at line 39.  This amount multiplied by 60 equals

$257,153.40, which clearly exceeds $15,150.00.  Thus, the presumption of abuse

arises in this case.

<u>Special Circumstances</u>

40.    Having arisen, the presumption of abuse may only be rebutted by

demonstrating and documenting special circumstances, such as a serious medical

condition or a call to active duty in the Armed Forces, that justify additional

-10-

expenses or adjustments of current monthly income for which there is no

reasonable alternative, as set forth in 11 U.S.C. § 707(b)(2)(B).

41.    To establish special circumstances, the Debtor must:

- itemize each additional expense or adjustment to income;
- provide documentation for each such expense or adjustment to income;
- provide a detailed explanation of the special circumstances that make such expenses or adjustments to income necessary and reasonable;
- attest under oath to the accuracy of the information provided to demonstrate that additional expenses or adjustments to income are required; and
- show that the effect of the additional expenses or adjustments to income cause the Debtor's disposable income to fall below the abuse thresholds.

11 U.S.C. § 707(b)(2)(B)(i) – (iv).

42.    The United States Trustee requested that Debtor provide any rebuttal

pursuant to § 707(b)(2)(B) by e-mail dated August 18, 2023.  See Exhibit C.

43.    The United States Trustee was advised that the Debtor's employment

with Starbucks Corporation ended in April 2023, and his last pay advice was dated

May 5, 2023.  However, the United States Trustee has not received any evidence of

the Debtor's current income with Lynnfield House of Pizza since the pay advice

dated May 9, 2023.

44.    On August 23, 2023, the United States Trustee was advised that the

Debtor's employment with Lynnfield House of Pizza has also ended, and the

Debtor is currently employed by The General Hospital Corp.  The Debtor's most recent pay advice dated August 24, 2023 indicates that he is currently earning gross income of $1,203.15 weekly, or $5,213.65 monthly.

45.     Pursuant to 11 U.S.C. § 707(b)(2)(B), the Debtor must demonstrate that he has no reasonable alternative to the alleged loss of CMI, and the effect of that income loss must cause the Debtor's disposable income to fall below the threshold dollar amounts that trigger the presumption of abuse.  Therefore, as of the date of this motion, the United States Trustee has not been advised of any special circumstances that justify an adjustment to the Debtor's income or expenses, for which there is no reasonable alternative sufficient to rebut the presumption of abuse.

46.     Accordingly, this case must be dismissed as an abuse of the chapter 7 provisions pursuant to § 707(b)(1), based upon the presumption of abuse that arises pursuant to § 707(b)(2), and has not been rebutted by the Debtor.

### *Dismissal Based on the Totality of the Circumstances*
### *Pursuant to § 707(b)(3)*

47.     In the alternative, if the presumption of abuse does not arise or is rebutted, this case should be dismissed pursuant to § 707(b)(3) because the totality of the circumstances of the Debtor's financial situation demonstrates an abuse of the chapter 7 provisions.

48.    11 U.S.C. § 707(b)(3) provides as follows:

(3)  In considering . . . whether the granting of relief would be an
abuse of the provisions of this chapter . . . , the court shall
consider -
(A) whether the debtor filed the petition in bad faith; or
(B) the totality of the circumstances . . . of the debtor's financial
situation demonstrates abuse.

49.    Section 707(b), as amended by the Bankruptcy Abuse Prevention and

Consumer Protection Act of 2005 ("BAPCPA"), replaces dismissal based upon

"substantial abuse" under pre-BAPCPA Section 707(b) with a mere "abuse"

standard, and has also eliminated the presumption in favor of the debtor.

50.    Prior to enactment of the BAPCPA, the primary factor to consider in

determining whether a chapter 7 filing constituted substantial abuse was the ability

of a debtor to repay his or her debts out of future disposable income.  *In re*

*Lamanna*, 153 F. 3d 1, 5 (1st Cir. 1998).[2]  If ability to pay was sufficient to find

---

[2] Ability to pay continues to be grounds for dismissal under the totality of the
circumstances prong of amended § 707(b)(3).  See 146 Cong. Rec. S11683-11729
(section by section explanation of HR 2415), Dec. 7, 2000.  This legislative history
provides:

[S]ituations in which courts dismiss the debtors from Chapter 7 today clearly
continue to be grounds for dismissal under HR 2415, including such cases as
*In re Lamanna*, 153 F. 3d 1 (1st Cir. 1998).  In addition, since the standard is
"abuse" rather than "substantial abuse," the courts are clearly given
additional discretion to control abusive use of
Chapter 7 when that is appropriate . . . .

The "bad faith" and "totality of the circumstances" of the debtor's situation is

"substantial abuse" before BAPCPA, then it is certainly enough to dismiss a

chapter 7 case based on the mere "abuse" standard.

51.    In conjunction with the filing, the Debtor signed a *Declaration About*

*an Individual Debtor's Schedules* which stated therein "[u]nder penalty of perjury,

I declare that I have read the summary and schedules filed with this declaration and

that they are true and correct" (Docket No. 1 at page 45 of 67).

52.    On his schedules of income and expenses signed under penalty of

perjury, the Debtor reported net monthly household income in the amount of

$10,112.29 and monthly household expenditures in the amount of $10,096.00,

leaving a surplus of $16.29 per month.  See Debtor's *Schedule I* at line 12 and

*Schedule J* at lines 22 – 23 (Docket No. 1).

53.    However, as noted above, the Debtor is no longer employed by

Lynnfield House of Pizza.  The Debtor's most recent pay advice from The General

---

adopted as the appropriate standard.  It is intended that all forms of
appropriate and abusive use of Chapter 7 will be covered by this standard,
whether because of the debtor's conduct or the debtor's ability to pay.  If a
debtor's case would be dismissed today for "substantial abuse" as in *In re
Lamanna*, . . . it is intended that the case should be subject to dismissal after
HR 2415 . . . .   In dealing with ability to pay cases which are abusive, the
presumption of abuse and the safe harbor protecting debtors from application
of the presumption will not be relevant.

(This legislative history pertains to an earlier version of bankruptcy reform
legislation.  However, the amendment to § 707(b) in the BAPCPA is substantially
the same.)

Hospital Corp dated August 24, 2023 indicates that he is currently earning gross income of $1,203.15 weekly, or $5,213.65 monthly, which represents an increase of $821.82 monthly when compared to the $4,391.83 gross income figure reported on line 2 of Debtor's *Schedule I*.

54.    In addition, the Debtor's *Schedule J* contains certain expenses which appear unreasonable, unnecessary, or excessive, and could be reasonably reduced to increase the amount available for payment to creditors without depriving the Debtor and his household of necessities.  Such expenses include:  college expenses for adult children ($1,123.00 monthly); transportation, car payments and insurance ($1,524.00 monthly); childcare for adult children ($169.00 monthly); home maintenance ($250.00 monthly); health and life insurance ($930.00 monthly in addition to spouse's $233.50 monthly payroll deduction on *Schedule I*); and excise taxes ($210.00 monthly).

55.    The United States Trustee requested supporting documentation for these expenses by e-mail dated June 7, 2023 but has not received a satisfactory response as of the date of this motion.  See Exhibit A at paragraph 6.

56.    The United States Trustee has not been advised of any present mitigating factors or hardships which would override the Debtor's apparent ability to make meaningful payments to his creditors.

57.    Based upon the totality of the Debtor's circumstances, his financial

situation demonstrates abuse.[3]

## REQUESTED RELIEF

For these reasons, the United States Trustee requests that the Court enter an

order 1) dismissing the Debtor's chapter 7 case pursuant to 11 U.S.C. § 707(b); and

2) granting him all such other and further legal and equitable relief to which he

may be entitled.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION ONE

By:     */s/ Heather A. Sprague*
        Heather A. Sprague BBO# 661541
        United States Department of Justice
        John W. McCormack Post Office & Courthouse
        5 Post Office Square, 10th Floor, Suite 1000
        Boston, MA  02109-3934
        PHONE:     (617) 788-0404
        FAX:          (617) 565-6368
        Heather.Sprague@usdoj.gov

Dated:      August 23, 2023

---

[3] There may be additional circumstances indicative of abuse, presumed or otherwise, which are unknown to the United States Trustee.  Therefore, the United States Trustee reserves the right to amend this motion should discovery reveal such additional circumstances.

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on August 23, 2023, true and correct copies of the foregoing motion were served via CM/ECF upon the individuals who have filed notices of appearance in the Court's CM/ECF database, including the Chapter 7 Trustee and Debtor's counsel, and via U.S. Mail, postage pre-paid, on the parties referenced below.

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION ONE

By:    */s/ Heather A. Sprague*
Heather A. Sprague BBO# 661541
United States Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA  02109-3934
PHONE:    (617) 788-0404
FAX:        (617) 565-6368
Heather.Sprague@usdoj.gov

**By ECF**

Gary W. Cruickshank        gwc@cruickshank-law.com
John O'Brien               john@jiobrienlaw.com

**By U.S. Mail**

Robert Corvino Jr.
154 North St
North Reading, MA  01864

# EXHIBIT A

**Sprague, Heather  (USTP)**

| | |
|---|---|
| **From:** | Longton, Jason R. (USTP) |
| **Sent:** | Wednesday, June 7, 2023 5:03 PM |
| **To:** | 'john@jiobrienlaw.com' |
| **Cc:** | Gary W. Cruickshank |
| **Subject:** | 23-10883 Corvino |

Attorney O'Brien:

The United States Trustee is reviewing Robert Corvino, Jr.'s chapter 7 case under 11 U.S.C. § 707(b)(2), 707(b)(3) and 727(a).

In order to assist our review, please provide the following information and documents:

1. Documents detailing any and all income received by the debtor from any source during the period of November 1, 2022, through May 31, 2023. Include all pay advices for the debtor as well as any and all other members of the debtor's household. This includes any worker's compensation, unemployment, gambling winnings, disability compensation, royalties, business income, one-time payments, and any other income or payments received from any source;
2. The debtor's 2021 and 2022 Federal income tax returns. If he has not yet filed his 2022 Federal income tax return, please advise when he expects to do so and provide the return as soon as it is filed. Be sure to provide complete tax returns including all supporting documents such as Forms W-2, K-1, 1099, etc.;
3. The last two Federal tax returns filed for any and all entities in which the debtor has or had a beneficial interest during the five years prior to the filing of the debtor's bankruptcy petition. As above, please be sure to provide complete tax returns including all supporting documents;
4. Complete statements for all financial accounts in which the debtor has or had an interest covering the period of June 5, 2022, through the date of filing on June 5, 2023. This includes but is not limited to bank accounts, IRAs, 401(k)s, individual brokerage accounts, or online accounts such as PayPal or Venmo;
5. Complete financial statements for all accounts maintained in connection with any business interests the debtor has or had covering the period June 5, 2021, through the date of filing on June 5, 2023;
6. Documents detailing the following monthly expenses as listed on the debtor's Schedule J:
   a. Line 4. Rental or home ownership expense $3,021;
   b. Line 4c. Home maintenance, repair, and upkeep expenses $250;
   c. Line 5. Additional mortgage payments for your residence $750;
   d. Line 6a Electricity, heat, natural gas $487;
   e. Line 6c Telephone, cell phone, internet etc. $413;
   f. Line 8. Childcare and children's education costs $169;
   g. Line 15a. Life insurance $300;
   h. Line 15b. Health Insurance $630;
   i. Line 15c. Vehicle insurance $405;
   j. Line 16. Taxes specified as excise taxes $210;
   k. Lines 17b. and 17c. Car payments $413 and $341 respectively; and
   l. Line 21. Other specified as College Expenses $1,123.
7. An explanation as to how the debtor determined his debts are "primarily business debts" as stated on Part 6, Question 16 of the debtor's bankruptcy petition; and
8. Copies of any documents provided to the debtor's chapter 7 trustee if not already requested above.

This list should not be considered exhaustive and may be supplemented by future requests.

These materials can be provided as email attachments in PDF format sent as a response to this email. Please provide these materials and information no later than Friday, July 1, 2023.

I have copied trustee Gary W. Cruickshank on this email.

Thank you for your attention to this matter.  Please feel free to contact me if you have any questions or wish to discuss my inquiry.

Jason R. Longton
Office of the U.S. Trustee
John W. McCormack Post Office and Court House
5 Post Office Square, Suite 1000
Boston, MA 02109
Cell: 617-824-0153
Office: 617-788-0408
Email: jason.r.longton@usdoj.gov

The preceding email may contain proprietary, privileged, or confidential information. If you have received this message in error, you are not authorized to read, print, retain, copy, or disseminate this message. Please notify the sender of the error and promptly delete the message. Thank you.



# EXHIBIT B

| 2023 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS TEST CALCULATION | Forms 122A-1 & 122A-2 |
|---|---|

| | |
|---|---|
| Debtor: | Robert Corvino, Jr. |
| Case: | 23-10883 |
| Filed: | 6/5/2023 | *Cases Filed Jan 1, 2023 and Later ONLY* |

| Per Debtor | Per UST |
|---|---|

## Form 122A-1

**Chapter 7 Statement of Current Monthly Income**

**Part 1:    Calculate Current Monthly Income**

1   Marital and filing status
- ☐ Not Married
- ☑ Married + spouse NOT filing; ☑ Living in same household
- ☐ Married + Spouse Filing
- ☐ Living separately / legally separated

| | Column A Debtor 1 | Column B Debtor 2 | Column A Debtor 1 | Column B Debtor 2 |
|---|---|---|---|---|
| 2   Gross wages, salary, tips, bonuses, overtime, commissions | $ - | $ - | $ 10,318.13 | $ 8,500.01 |
| 3   Alimony and maintenance payments | $ - | $ - | $ - | $ - |
| 4   Amounts from regularly paid for household exp, incl child support | $ - | $ - | $ - | $ - |
| 5   Net income from operating a business, profession or farm: | | | | |

| | Per Debtor | | Per UST | |
|---|---|---|---|---|
| | Debtor 1 | Debtor 2 | Debtor 1 | Debtor 2 |
| Gross receipts | $ - | $ - | $ - | $ - |
| Ordinary and necessary expenses | $ - | $ - | $ - | $ - |

| | Column A | Column B | Column A | Column B |
|---|---|---|---|---|
| Net monthly income from business, profession, or farm | $ - | $ - | $ - | |
| 6   Net income from rental and other real property: | | | | |

| | Debtor 1 | Debtor 2 | Debtor 1 | Debtor 2 |
|---|---|---|---|---|
| Gross receipts | $ - | $ - | $ - | $ - |
| Ordinary and necessary expenses | $ - | $ - | $ - | $ - |

| | Column A | Column B | Column A | Column B |
|---|---|---|---|---|
| Net monthly income from rental or other real property | $ - | $ - | $ - | |
| 7   Interest, dividends and royalties | $ - | $ - | $ - | $ - |
| 8   Unemployment compensation | $ - | $ - | $ - | $ - |
| 9   Pension or retirement income (excl. HAVEN Act payments)* | $ - | $ - | $ - | $ - |
| 10  Income from all other sources not listed above (excl. HAVEN Act payments)* | $ - | $ - | $ - | $ - |
| 11  Total current monthly income | $ - | $ - | $ 10,318.13 | $ 8,500.01 |
| **Total Current Monthly Income** | $ - | | $ 18,818.14 | |

*Pursuant to 11 USC §101(10A), HAVEN Act payments are certain disability and death related benefits payable to service members, veterans and their survivors.*

**Part 2:    Determine Means Test Applicability**

| | Per Debtor | Per UST |
|---|---|---|
| 12b  Annualized Current Monthly Income | $ - | $ 225,817.68 |
| 13   Applicable median family income | | |
|      State MASSACHUSETTS   Household size: | 4   $ 162,422.00 | 4   $ 162,422.00 |
| 14   Comparison of monthly and median income | | |
|      14a  Line 12b is less than or equal to line 13 - **There is NO presumption of abuse** | ■ | ☐ |
|      14b  Line 12b is more than line 13 - **Presumption determined by Form 122A-2** | ☐ | ■ |

## Form 122A-2

**Chapter 7 Means Test Calculation**

**Part 1:    Determine Adjusted Income**

| | Per Debtor | Per UST |
|---|---|---|
| 1   Total current monthly income (line 11 Form 122A-1) | $ - | $ 18,818.14 |
| 3   Marital Adjustment - part of spouse's income not used to pay household expenses | | |
|     a.   Non-filing spouse's 401k contribution of $39.23 bi-weekly | $ - | $ 85.00 |
|     b. | $ - | $ - |
|     c. | $ - | $ 85.00 |
| **4   Adjusted Current Monthly Income** | $ - | $ 18,733.14 |

**Part 2:    Deductions from Income**

| | Per Debtor | Per UST |
|---|---|---|
| 5   Number of people used in determining deductions from income | 0 | 4 |
| 6   Food, clothing, and other items | $ - | $ 1,993.00 |
| 7   Out-of-pocket health care allowance: | | |

| | Per Debtor | | Per UST | | |
|---|---|---|---|---|---|
| | < 65 | 65 <= | < 65 | 65 <= | |
| a / d   Allowance per person | $ 79 | $ 154 | $ 79 | $ 154 | |
| b / e   Number of people | 4 | 0 | 4 | 0 | |
| c / f   Subtotal | $ 316 | $ - | $ 316 | $ - | |

| | Per Debtor | Per UST | |
|---|---|---|---|
| 7g | $ - | $ 316.00 | Only $75 on Sch J |
| 8   Housing and utilities - Insurance and operating expenses | Middlesex County   $ - | Middlesex County   $ 957.00 | |
| 9   Housing and utilities - Mortgage or rent expenses: | | | |
|     9a   County standard; mortgage/rental exp | $ - | $ 2,998.00 | |
|     9b   Average monthly payment for all mortgages and other debts secured by home: | | | |

| | | Per Debtor | Per UST |
|---|---|---|---|
| Creditor | PHH Mortgage (1st Mortgage) | | $ 3,021.00 |
| Creditor | Eastern Bank (HELOC) | | $ 750.00 |
| Creditor | | | $ - |
| Total average monthly payment | | $ - | $ 3,771.00 |

| | Per Debtor | Per UST |
|---|---|---|
| 9c   Net mortgage or rent expense Subtract Line 9b from Line 9a | $ - | $ - |
| 10   Local Standards: housing and utilities; adjustment | $ - | $ - |
| 11   Local transportation expenses | | |
|      Number of vehicles | 2 | 2 |



**2023 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS TEST CALCULATION** — Forms 122A-1 & 122A-2

| | | |
|---|---|---|
| Debtor: | Robert Corvino, Jr. | |
| Case: | 23-10883 | |
| Filed: | 6/5/2023 | *Cases Filed Jan 1, 2023 and Later ONLY* |

| | | Per Debtor | Per UST |
|---|---|---|---|
| | Applicable locality (MSA = Essex, Middlesex, Norfolk, Plymouth, Suffolk Counties) | MSA | MSA |
| 12 | Vehicle operation expense | | $ 588.00 |
| 13 | Vehicle ownership or lease expense: | | |
| | Vehicle 1    2015 BMW (Daughter's) | | |
| 13a | IRS Transportation Standards, Ownership Costs, Vehicle 1 | $ -  allowed | $ 629.00  allowed |
| 13b | Avg Monthly Payment for any debts secured by Vehicle 1 | | $ 413.00 |
| 13c | Net ownership/lease expense for Vehicle 1 Subtract Line b from Line a. | $ - | $ 216.00 |
| | Vehicle 2    Vehicle 2 (not specified) | | |
| 13d | IRS Transportation Standards, Ownership Costs, Vehicle 2 | $ -  allowed | $ 629.00  allowed |
| 13e | Avg Monthly Payment for any debts secured by Vehicle 2 | | $ 341.00 |
| 13f | Net ownership/lease expense for Vehicle 2 Subtract Line b from Line a. | $ - | $ 288.00 |
| 14 | Public transportation expense (IRS local, 0 vehicles only) | $ - | $ - |
| 15 | Additional public transportation expense (1+ vehicles, limited to IRS std for public trans.) | $ - | $ - |

**Other Necessary Expenses**

| | | Per Debtor | Per UST |
|---|---|---|---|
| 16 | Taxes: (excluding real estate, sales, or use taxes) | | $ 4,944.00 |
| 17 | Involuntary deductions: payroll deductions job requires (union dues, uniform, ret) | $ - | $ - |
| 18 | Life insurance | $ - | $ - |
| 19 | Court-ordered payments | $ - | $ - |
| 20 | Education: required as condition of job or for a challenged dependent child | $ - | $ - |
| 21 | Childcare | $ - | $ - |
| 22 | Additional health care expenses, net of insurance and HSA payments | $ - | $ - |
| 23 | Optional telephones and telephone services: excl. home/cell  phone, internet | $ - | $ - |
| 24 | **Total Expenses Allowed under IRS Standards** (total of lines 6 thru 23) | | $ 9,302.00 |

**Additional Expense Deductions**

| | | Per Debtor | Per UST | |
|---|---|---|---|---|
| 25 | Insurance expense: | | | |
| | Health insurance | | $ 177.19 | NFS bi-weekly payroll deductions for dental ($73.86) and vision ($7.92) |
| | Disability insurance | | $ 27.06 | NFS bi-weekly payroll deductions for short term disability ($12.49) |
| | Health savings account | $ - | $ - | |
| | Total insurance expenses | $ - | $ 204.25 | |
| 26 | Continuing contributions to the care of household or family members | $ - | $ - | |
| 27 | Protection against family violence | $ - | $ - | |
| 28 | Additional home energy costs | $ - | $ - | |
| 29 | Education expenses for dependent children younger than 18 ($189.58 / child max) | $ - | $ - | |
| 30 | Additional food and clothing expense (limited to 5% of IRS std) | $ - | $ - | |
| 31 | Continuing charitable contributions | $ - | $ - | |
| 32 | **Total Additional Expense Deductions** (total of lines 25 thru 31) | $ - | $ 204.25 | |

**Deductions for Debt Payment**

| 33 | **Debts secured by an interest in property (mortgages, vehicle loans, other):** | | | | |
|---|---|---|---|---|---|
| | Creditor | Property | 60mo avg pmt | 60mo avg pmt | |
| 33a | Mortgages on home | copy line 9b | $ - | $ 3,771.00 | |
| 33b | Vehicle loans (1st vehicle) | copy line 13b | $ - | $ 413.00 | |
| 33c | Vehicle loans (2nd vehicle) | copy line 13e | $ - | $ 341.00 | |
| 33d | | | $ - | $ - | |
| | | | $ - | $ - | |
| | | | $ - | $ - | |
| 33e | Total average monthly payment (add lines 33a through 33d) | | $ - | $ 4,525.00 | |
| 34 | **Other payments on secured claims:** | | | | |
| | Creditor | Property | 1/60th cure amt | 1/60th cure amt | |
| | | | $ - | $ - | |
| | | | $ - | $ - | |
| | | | $ - | $ - | |
| | Total: Add Lines a, b and c | | $ - | $ - | |
| 35 | Payments on priority claims (including priority child support & alimony / 60) | | $ - | $ - | |
| 36 | **Chapter 13 administrative expenses:** | | | | |
| | Projected average monthly Chapter 13 plan payment | | $ - | $ 4,285.89 | |
| | Current multiplier for your district | | 9.70% | 9.70% | |
| | Average monthly administrative expense of Chapter 13 case | | $ - | $ 416.00 | |
| 37 | **Total Deductions for Debt Payment.** Enter the total of lines 33 through 36 | | $ - | $ 4,941.00 | |
| 38 | **Total of all allowed deductions** (total of Lines 24, 32, 37) | | $ - | $ 14,447.25 | |

**Part 3:    Determine Whether There is a Presumption of Abuse**

| 39 | **Calculate monthly disposable income for 60 months:** | | Per Debtor | Per UST |
|---|---|---|---|---|
| 39a | Copy line 4, adjusted current monthly income: | | $ - | $ 18,733.14 |
| 39b | Copy line 38, Total deductions: | | $ - | $ 14,447.25 |
| 39c | Monthly disposable income §707(b)(2). Subtract Line 39b from Line 39a | | $ - | $ 4,285.89 |
| 39d | **Total** Multiply line 39c by 60 | | $ - | $ 257,153.40 |
| 40 | **Determine whether there is a presumption of abuse:** | | | |
| | The amount on Line 39d is less than **$9,075** - There is **NO** presumption of abuse | | ■ | ☐ |
| | The amount on Line 39d is more than **$15,150** - There **IS** a presumption of abuse | | ☐ | ■ |
| | Line 39d is at least **$9,075**, but not more than **$15,150** - goto line 41 | | ☐ | |
| 41 | 41a    Amount of total nonpriority unsecured debt | | $ - | $ 152,232 |
| | 41b    25% of total nonpriority unsecured debt (line 41a x 0.25) | | $ - | $ 38,058 |
| 42 | Secondary presumption determination: | | | |

| 2023 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS TEST CALCULATION | Forms 122A-1 & 122A-2 |
|---|---|

| Debtor: | Robert Corvino, Jr. |
|---|---|
| Case: | 23-10883 |
| Filed: | 6/5/2023 | *Cases Filed Jan 1, 2023 and Later ONLY* |

|  | Per Debtor | Per UST |
|---|---|---|
| The amount on Line 39d is less than Line 41b - There is **NO** presumption of abuse | ☐ | ☐ |
| The amount on Line 39d is >= Line 41b - There **IS** a presumption of abuse | ☐ | ☐ |

**Part 4:    Details About Special Circumstances**

43

| | Explanation | Monthly Amount | Monthly Amount |
|---|---|---|---|
| a. | | $          - | $          - |
| b. | | $          - | $          - |
| c. | | $          - | $          - |
| | Total: Add Lines a, b and c $ | $          - | $          - |

# EXHIBIT C

**Sprague, Heather  (USTP)**

---

| | |
|---|---|
| **From:** | Sprague, Heather  (USTP) |
| **Sent:** | Friday, August 18, 2023 5:39 PM |
| **To:** | John |
| **Cc:** | Longton, Jason R. (USTP) |
| **Subject:** | RE: 23-10883 Corvino |
| **Attachments:** | Lynnfield Pizza CMI calculator.pdf; Corvino MTR tax sheet 2022 (corrected CMI).pdf |

John, thank you for taking the time to speak with me on Wednesday about this case.  Your patience is truly appreciated.

The United States Trustee has reviewed Mr. Corvino's means test of record (filed at docket no. 1) and determined that the following corrections are appropriate:

1. Pursuant to 11 U.S.C. § 101(8), the term "consumer debt" means "debt incurred by an individual primarily for a personal, family, or household purpose."  Debt is defined as "liability on a claim" and a claim means any "right to payment, whether or not such right is ... secured, or unsecured."  11 U.S.C. §§ 101(5), (12).  Thus, consumer debt is not limited to the unsecured claims listed on the debtor's Schedule E/F.  Rather, consumer debt encompasses any "liability on a claim" that was incurred for a personal, family, or household purpose, regardless of whether that claim is secured or unsecured.  Debtor testified at the § 341(a) meeting of creditors on July 13, 2023 that his second mortgage in the amount of $136,000 was incurred for his former pizza business.  Assuming *arguendo* that's the case, and all of his Schedule E/F debt was likewise incurred for his business (which we do not concede), it appears that Mr. Corvino's obligations are primarily consumer in nature.  Accordingly, please amend the debtor's voluntary petition at line 16.

2. Based on the pay advices submitted by the debtor, it appears that his average gross monthly income from Starbucks received during the current monthly income ("CMI") period is $6,328.88 which was calculated as follows:  year to date gross pay as of 12/30/22 ($9,735.95) plus year to date gross pay as of 5/5/23 when his employment apparently ended ($28,237.32) = $37,973.27 / 6 = $6,328.88 monthly.  We did not receive all of the pay advices to calculate the debtor's CMI from Lynnfield House of Pizza.  Specifically, the pay advices dated 5/16, 5/23, and 5/30 have not been produced to our office.  Accordingly, we assumed the debtor received $1,000 gross pay for the missing periods and calculated his average CMI to be $3,989.25 (detail attached).  Thus, debtor's total CMI reported on line 2 (Column A) of Form 122A-1 is $10,318.13.

3.  Likewise, we did not receive the full set of pay advices needed to calculate his spouse's CMI.  However, it appears that she receives the same gross wage of $3,923.08 bi-weekly, so her CMI would be $8,500.01 ($3,923.08 x 13 = $51,000.04 / 6 = $8,500.01).

4.  After these corrections, the debtor's total CMI is $18,818.14, or $225,817.68 when annualized, and debtor must complete the expense portion of the means test (Form 122A-2).  To determine whether the debtor's case is presumed abusive, the United States Trustee has given debtor the following expense allowances based on the existing record.

5.  The debtor may be entitled to take a martial adjustment on line 3 of Form 122A-2 for any of his spouse's separate expenses – not household expenses of the debtor or the debtor's dependents.  For example, it appears from her pay advices that debtor's spouse is making a 401k contribution of $39.23 bi-weekly, or $85 monthly.  If the debtor's spouse has any other separate expenses then please provide documentation of same.

6.  On line 6, the debtor is entitled to claim an IRS Standard Expense of $1,993 for food, clothing and other items for a family of four.

7.  On line 7, the debtor is entitled to claim an IRS Standard Expense of $316 for out-of-pocket health care for four persons under 65 years of age.

8.  On line 8, the debtor is entitled to an IRS non-mortgage housing and utilities expense of $957 for a family of four in Middlesex County.

9.  One line 9, the debtor is entitled to an IRS mortgage/rent expense of $2,998 for a family of four in Middlesex County.  However, the IRS mortgage/rent expense on line 9 must be offset by the average monthly payment for any debts secured by the debtor's home, as stated on line 33.  This would result in a net mortgage/rent expense of zero on line 9, and debtor would deduct his total monthly mortgage payments ($3,021 + $750 = $3,771) on line 33.

10.  As a general rule, the United States Trustee typically permits one debtor to claim expenses for only one vehicle on the means test.  Since his spouse's income is included on the means test, and the debtor has scheduled secured debt for two vehicles titled in his name, it seems appropriate to allow the debtor to claim to deduct an IRS operating expense of $588 for two vehicles (2017 Mercedes and 2015 BMW).

11.  The debtor may also take the IRS vehicle ownership/lease expense of $629 for both of those vehicles on line 13, offset by the average monthly payment on the debts secured by those vehicles as stated on line 33.

12.  Based on the debtor's filing status (married), number of dependents (two), number of dependents over age 17 (two), and corrected current monthly income ($18,818.14), the household's actual tax liability is estimated to be $4,944 monthly (detail attached).

13.  If the debtor wants to claim any expenses for life insurance on line 18 then please provide documentation of the monthly premiums actually paid for term life insurance which covers the life of the debtor, and does not include the cost of insurance for his/her dependents or for whole life or other insurance policies with an investment component.

14. Based upon the submitted payment advices for debtor and his spouse, it appears that the debtor may claim $204.25 on line 25 for health and disability insurance, which consists of his spouse's payroll deductions for dental ($73.86 bi-weekly or $160.03/mo.); vision ($7.92 bi-weekly or $17.16/mo.); and short term disability ($12.49 bi-weekly or $27.06/mo.).  If the debtor wants to claim any additional health insurance expenses on line 25 then please provide documentation of same.

Once these corrections are made, and allowing for the projected average monthly chapter 13 administrative expense on line 36, the presumption of abuse arises in this case.  Having arisen, the presumption of abuse may only be rebutted by demonstrating and documenting special circumstances, such as a serious medical condition or a call to active duty in the Armed Forces, that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative, as set forth in 11 U.S.C. § 707(b)(2)(B).  We understand that the debtor has lost his income from Starbucks.  However, we have not received any pay advices from his employment at Lynnfield House of Pizza since the pay advice dated May 9, 2023.  Accordingly, please provide copies of debtor's pay advices from May 9 to the current date, so we may determine whether the debtor has a reasonable alternative to that income loss, and what the effect of that loss may be on his current income.  Please also confirm that his spouse's gross income remains consistent at $3,923.08 bi-weekly.

If you are able to provide your response pursuant to § 707(b)(2)(B) in advance of our 30 day deadline under § 704(b)(2) (which is Wednesday, August 23) then we will consider filing a statement that a motion to dismiss is not appropriate.  Otherwise, we can file the motion to dismiss and consider withdrawing later upon receipt of documentation demonstrating that the presumption of abuse has been rebutted by the debtor.  I will be out of the office on Monday and Tuesday next week, but please feel free to give me a call on my cell phone at (202) 441-7620 if you have any questions or would like to discuss.  Take care, Heather

Heather A. Sprague
Trial Attorney
United States Department of Justice
Office of the United States Trustee
5 Post Office Square, Suite 1000
Boston, MA  02109-3934
Phone: (617) 788-0404
Fax: (617) 565-6368
E-mail: Heather.Sprague@usdoj.gov



---

**From:** John <john@jiobrienlaw.com>
**Sent:** Wednesday, August 16, 2023 10:10 AM
**To:** Sprague, Heather (USTP) <Heather.Sprague@usdoj.gov>; Longton, Jason R. (USTP) <Jason.R.Longton@usdoj.gov>
**Subject:** [EXTERNAL] RE: 23-10883 Corvino

Heather, just checking back on this as I have not received anything from your office.  Thanks

John O'Brien, Esq.
Law Office of John I. O'Brien
289 Main St
North Reading, MA 01864
John@jiobrienlaw.com
781-589-4668

---

**From:** Sprague, Heather (USTP) <Heather.Sprague@usdoj.gov>
**Sent:** Tuesday, August 8, 2023 7:48 AM
**To:** John <john@jiobrienlaw.com>; Longton, Jason R. (USTP) <Jason.R.Longton@usdoj.gov>
**Subject:** RE: 23-10883 Corvino

Hi John – my apologies for the delay in getting back to you.  I am hoping to get an email to you explaining the corrections we are making to the debtor's means test in the next day or so.  I would like to check with Jason and the Chapter 7 Trustee about the 341 meeting and will let you know as soon as possible.  Thanks, Heather

Heather A. Sprague
Trial Attorney
United States Department of Justice

Lynnfield House of Pizza CMI

| Pay Date | Gross | |
|---|---|---|
| 12/2/2022 | $858.50 | |
| 12/9/2022 | $1,062.50 | |
| 12/16/2022 | $1,078.25 | |
| 12/23/2022 | $1,160.00 | |
| 12/30/2022 | $876.75 | |
| 1/6/2023 | $1,130.00 | |
| 1/24/2023 | $1,239.00 | |
| 1/31/2023 | $128.00 | |
| 2/7/2023 | $729.00 | |
| 2/14/2023 | $1,000.00 | |
| 2/22/2023 | $1,259.25 | |
| 2/22/2023 | $1,000.00 | Why two pays for same period? |
| 2/28/2023 | $583.50 | |
| 3/6/2023 | $1,000.00 | |
| 3/14/2023 | $1,000.00 | |
| 3/20/2023 | $1,000.00 | |
| 3/28/2023 | $1,000.00 | |
| 4/4/2023 | $830.75 | |
| 4/11/2023 | $1,000.00 | |
| 4/18/2023 | $1,000.00 | |
| 5/2/2023 | $1,000.00 | |
| 5/9/2023 | $1,000.00 | |
| 5/16/2023 | $1,000.00 | missing |
| 5/23/2023 | $1,000.00 | missing |
| 5/30/2023 | $1,000.00 | missing |
| total | $23,935.50 | |
| | $3,989.25 | |

## TAX ESTIMATOR — 2022

*enter filing status (M/S/H), # of dependents (excl. taxpayer & spouse), and monthly gross income*

| | |
|---|---|
| Filing Status (M, S, or H) | **M** |
| Total # of Dependents | **2** |
|  # of dependents 17+ yrs | **2** |
| Monthly Gross Income | **18,818** |
| Monthly Federal exclusions   (health ins, 401k, etc.) | **0** |
| Total annual itemized deductions (leave 0 for standard deduction) | **0** |

**SUMMARY**

| | monthly | annual |
|---|---|---|
| Gross Income | **18,818** | **225,818** |
| Federal Taxes | 2,971 | 35,651 |
| Other Taxes | 1,973 | 23,679 |
| Total Taxes | **4,944** | **59,330** |
| Net Income | 13,874 | 166,487 |

| | |
|---|---|
| Annual Gross Income | 225,818 |
| Std/Itemized Deductions (Fed) | (25,900) |
| Exemptions (Fed) | 0 |
| Exclusions (Fed) | 0 |
| Net Taxable Income (Fed) | 199,918 |
| *Child Tax Credits (Fed)* | *0* |

| | tax rates (on gross) | annual taxes |
|---|---|---|
| Federal Income Tax | 15.79% | 35,651 |
| Social Security (eff. rate) | 4.04% | 9,114 |
| Medicare | 1.45% | 3,274 |
| State Income Tax (MA) | 5.00% | 11,291 |
| Local Income Tax (N/A) | 0.00% | 0 |
| Total Taxes | 26.27% | 59,330 |

| | |
|---|---|
| Total Annual Taxes | 59,330 |
| Total Monthly Taxes | **4,944** |
| Monthly Net Income | 13,874 |

> NOTE: this spreadsheet is meant to provide a simplistic ROUGH ESTIMATE of tax liability.  It does not fully take into account certain variables which may affect tax liability such as: itemized deductions, other income sources, credits, etc. In some cases, tax liability may be substantially lower due to the impact of itemized deductions and pre-tax deductions such as health care, 401K, etc.